**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02865-RM-STV

SEBO AMERICA, LLC,

    Plaintiff,

v.

DOES,

    Defendants.

---

**ORDER**

---

Entered By Magistrate Judge Scott T. Varholak

This civil action is before the Court on Plaintiff's Motion for Leave to Seek Third Party Discovery to Learn Defendant's Identity ("the Motion"), which has been referred to this Court.  [##11, 12]  For the reasons detailed below, the Motion is **GRANTED**.

In the Motion, Plaintiff states that it requires expedited third party discovery because it "does not know the true names and capacities, whether individual, corporate, associate, or another nature, of [Doe Defendants]."  [#11 at 1]  Plaintiff states that "Plaintiff has information that Defendant, doing business as 'Outdoors Home', with the seller ID number AHNABA977BIRY, on Amazon.com ('Amazon') is engaged in fraudulent conduct while infringing upon [Plaintiff's] Trademarks."  [*Id.*]  And despite efforts to identify the Doe Defendants, Plaintiff has been unable to do so.  [*Id.*]  Specifically, Plaintiff states that the identified Amazon seller profile does not contain any email address or phone number, and the address listed is a temporary room rental in the United Kingdom.  [#9-2 at ¶ 5]  Moreover, the business name provided in the

Amazon seller profile "has not yielded any information despite Plaintiff's good faith efforts." [*Id.*]

Pursuant to Federal Rule of Civil Procedure 26(d), formal discovery generally will not commence until after the parties have conferred as required by Rule 26(f). *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). However, discovery may be conducted prior to a Rule 26(f) conference if it is "authorized by . . . court order." Fed. R. Civ. P. 26(d). In this district, courts permit such expedited discovery upon a showing of good cause. *Pod-Ners v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Good cause may exist where the plaintiff seeks a preliminary injunction, where the moving party has asserted claims of infringement or unfair competition, or "where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest Commc'ns*, 213 F.R.D. at 419. This Court has also recognized the plaintiff's inability to identify a defendant as "one of the few" instances that may warrant early discovery. *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-cv-00307-WYD-MEH, 2013 WL 3753436, at *4 (D. Colo. July 14, 2013); *see also 20/20 Fin. Consulting, Inc. v. Does 1-5*, No. 10-cv-01006-CMA-KMT, 2010 WL 1904530, at *1 (D. Colo. May 11, 2010). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB , 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

Here, Plaintiff represents that it has been unable to identify defendants. [#11]  As a general matter, the use of fictitious names to identify a defendant is not favored. *20/20 Fin. Consulting*, 2010 WL 1904530, at *1.  However, courts have permitted plaintiffs to utilize fictitious names for defendants whose identities are not known prior to the filing of the complaint where discovery may be necessary to reveal their identities. *See Liberty Media Holdings, LLC v. Colo. Members of Swarm*, No. 11-CV-01170-WJM-KMT, 2011 WL 1812554, at *1 (D. Colo. May 12, 2011) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)).  "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *20/20 Fin. Consulting*, 2010 WL 1904530, at *1.

The Court finds that good cause exists to permit Plaintiff to conduct expedited discovery to discover the identities of Defendants.  Plaintiff has asserted ongoing trademark infringement [#11], has obtained a temporary injunction from this Court [#13], and has applied for a preliminary injunction [*id.* (setting preliminary injunction hearing)]. Plaintiff has also described its efforts to identify Defendants based on the information currently available to it and has determined that there is no other way to obtain the necessary identifying information.  [*See* ## 11 at 7; 9-2]  Finally, Plaintiff has requested discovery that is sufficiently narrowly tailored.  [#11 at 8 ("Plaintiff seeks to identify the name(s), capacities, citizenship, and relevant contact information which will allow it to properly serve Defendant(s) and amend their Complaint to specify the true identities and capacities of Defendant(s).")]  The Court thus finds that Plaintiff has established good cause for expedited discovery into defendants' identities.  *See Laface Records,*

3

*LLC v. Atlantic Recording Corp.*, Civ. A. No. 07–187, 2007 WL 4286189, **1-2, (W.D.Mich. Sept. 27, 2007) (collecting cases, applying the "good cause" standard, and holding that "discovery to allow the [identification] of 'Doe' defendants is 'routine'").

For the foregoing reasons, the Motion is **GRANTED**.  Plaintiff may serve a third party subpoena pursuant to Fed. R. Civ. P. 45 prior to the Fed. R. Civ. P. 26(f) conference on Amazon, Inc. for the limited purpose of ascertaining the identity of the Doe Defendant as identified by the Amazon seller information listed in the Complaint. The subpoena shall be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant as identified by the Amazon seller information.  Plaintiff shall also serve a copy of this Order with the subpoena.

DATED: October 29, 2021                    BY THE COURT:

                                           s/Scott T. Varholak_____
                                           United States Magistrate Judge